NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
JOEL RICHERT (State Bar No. 327116)
  joelrichert@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
LIONS GATE ENTERTAINMENT, INC.,
SHOWTIME NETWORKS INC., BEER
CHRISTMAS, LTD., ASHLEY LYLE,
and BART NICKERSON

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDEN FILM PRODUCTION LLC, a Delaware corporation,<br><br>                    Plaintiff,<br><br>        vs.<br><br>LOCKJAW LLC, a California corporation; ASHLEY LYLE, an individual; BART NICKERSON, an individual; BEER CHRISTMAS, LTD., a California corporation; SHOWTIME NETWORKS INC., a California corporate; LIONS GATE ENTERTAINMENT, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No. 2:24-cv-09851-DDP-SK<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES**<br><br>Date:      June 9, 2025<br>Time:      10:00 a.m.<br>Crtrm:    9C |

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 9, 2025, at 10:00 a.m. or as soon as may be heard in Courtroom 9C of United States District Court for the Central District of California, United States Courthouse, 350 West First Street, Los Angeles, California 90012, defendants Lions Gate Entertainment, Inc. ("Lions Gate"), Showtime Networks Inc. ("Showtime"), Beer Christmas, Ltd., Ashley Lyle, and Bart Nickerson (collectively, "Defendants") will and hereby do move this Court for an order awarding them $129,305.00 in attorneys' fees in connection with their successful motion to dismiss the copyright claims asserted by plaintiff Eden Film Production LLC ("Plaintiff"), plus any additional fees or costs incurred in preparing any reply papers and for preparing for and appearing at the hearing on this motion.

This motion is made pursuant to 17 U.S.C. § 505, which provides that the Court may award reasonable attorneys' fees to a prevailing copyright defendant. All of the factors courts consider in evaluating copyright fee awards support Defendants' request: (a) Defendants prevailed completely on the copyright claims; (b) Plaintiff's copyright claim was objectively unreasonable; (c) certain of Plaintiff's litigation decisions were not made for legitimate purposes under copyright law; and (d) a fee award would further the Copyright Act's goals to deter meritless litigation. Moreover, the amount of Defendants' fee request is reasonable, both in terms of defense counsel's rates and the hours expended.

This motion is based on the notice of motion, the memorandum of points and authorities, the declarations of Joel Richert and Cydney Swofford Freeman with Exhibit 1, and all other matters of which this Court may take judicial notice, the pleadings, files and records in this action, and on any argument heard by this Court.

This motion is made following communications of counsel pursuant to L.R. 7-3 on May 2 through May 7, 2025. Freeman Decl. ¶ 2.

1

DATED: May 9, 2025

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
JOEL RICHERT

By:   /s/ Cydney Swofford Freeman
        Cydney Swofford Freeman

Attorneys for Defendants
LIONS GATE ENTERTAINMENT,
INC., SHOWTIME NETWORKS INC.,
BEER CHRISTMAS, LTD., ASHLEY
LYLE, and BART NICKERSON

DEFENDANTS' MOTION FOR ATTORNEYS' FEES

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION .................................................................................. 1

II.  FACTUAL AND PROCEDURAL BACKGROUND ................................. 2

III.  DEFENDANTS ARE ENTITLED TO RECOVER THEIR FEES
UNDER THE COPYRIGHT ACT .................................................. 3

    A.  Defendants Achieved Complete Success in This Litigation ............... 4

    B.  Plaintiff's Claim Was Objectively Unreasonable .............................. 4

    C.  Plaintiff Lacked a Proper Motive for Certain Litigation
Decisions ........................................................................... 6

    D.  A Fee Award Is Appropriate to Advance the Copyright Act's
Goals of Compensation and Deterring Meritless Litigation ............... 7

IV.  DEFENDANTS' REQUESTED FEES ARE REASONABLE ..................... 9

    A.  Defendants' Counsel's Billing Rates Are Reasonable ....................... 10

    B.  The Hours Expended by Defendants' Counsel Are Reasonable ........ 12

V.  CONCLUSION ............................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baker v. Urban Outfitters*,
  431 F. Supp. 2d 351 (S.D.N.Y. 2006) ...................................................................8

*Blum v. Stenson*,
  465 U.S. 886.................................................................................................... 10

*Bridgeport Music v. WB Music*,
  520 F.3d 588 (6th Cir. 2008) ............................................................................6

*Carson v. Billings Police Dep't*,
  470 F.3d 889 (9th Cir. 2006) ........................................................................ 10

*City of Inglewood v. Teixeira*,
  2015 WL 6146269 (C.D. Cal. Oct. 8, 2015).............................................. 10, 14

*DuckHole v. NBCUniversal Media*,
  2013 WL 5797204 (C.D. Cal. Oct. 25, 2013)........................................ 4, 5, 7

*Elser v. I.A.M. Nat'l Pension Fund*,
  579 F. Supp. 1375 (C.D. Cal. 1984) ............................................................. 10

*Fantasy v. Fogerty*,
  1995 WL 261504 (N.D. Cal. May 2, 1995).................................................... 12

*Fantasy v. Fogerty*,
  94 F.3d 553 (9th Cir. 1996) ........................................................................ 5, 6

*Fogerty v. Fantasy*,
  510 U.S. 517 (1994)..................................................................................... 3, 7

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983)....................................................................................... 13

*Inhale v. Starbuzz Tobacco*,
  755 F.3d 1038 (9th Cir. 2014) ..........................................................................3

*Intel Corp. v. Terabyte Int'l*,
  6 F.3d 614 (9th Cir. 1993) ..............................................................................9

ii

*Kirtsaeng v. John Wiley & Sons*,
  579 U.S. 197 (2016)....................................................................... 4, 5

*Lawrence v. Sony Pictures Ent.*,
  2011 WL 13217267 (C.D. Cal. Oct. 5, 2011)................................ 8, 11

*Maljack Prods. v. GoodTimes Home Video*,
  81 F.3d 881 (9th Cir. 1996) ...............................................................4

*Mallery v. NBC Universal*,
  2008 WL 719218 (S.D.N.Y. Mar. 18, 2008) ......................................5

*Marcus v. ABC Signature Studios*,
  2017 WL 5592470 (C.D. Cal. Nov. 20, 2017)................... 5, 6, 12, 14

*McGillvary v. Netflix*,
  2024 WL 4812536 (C.D. Cal. Oct. 9, 2024) .................................. 10, 12

*Mireskandari v. Daily Mail & Gen. Tr. PLC*,
  2014 WL 12586434 (C.D. Cal. Nov. 7, 2014)................................... 10

*Moore v. Jas. H. Matthews & Co.*,
  682 F.2d 830 (9th Cir. 1982) .......................................................... 10

*Nat'l Ass'n of Concerned Veterans v. Sec. of Def.*,
  675 F.2d 1319 (D.C. Cir. 1982) ...................................................... 10

*Nat'l Bus. Dev. Servs. v. Am. Credit Educ. & Consulting*,
  299 F. App'x 509 (6th Cir. 2008) ......................................................8

*Pasadena Tournament of Roses Ass'n v. City of Pasadena*,
  2022 WL 2189523 (C.D. Cal. Mar. 17, 2022) ................................. 12

*Pazarlama v. SayGames*,
  2023 WL 3260528 (N.D. Cal. May 4, 2023) .................................... 14

*PCLM Grp. v. Drexler*,
  22 Cal. 4th 1084 (2000) .................................................................. 13

*Perfect 10 v. Giganews*,
  2015 WL 1746484 (C.D. Cal. Mar. 24, 2015).....................................5

*Randolph v. Dimension Films*,
  634 F. Supp. 2d 779 (S.D. Tex. 2009) ................................................5

iii

*Rentmeester v. Nike*,
    883 F.3d 1111 (9th Cir. 2018) ................................................................4

*Scott v. Meyer*,
    2010 WL 2569286 (C.D. Cal. June 21, 2010) .....................................7

*Serrano v. Unruh*,
    32 Cal. 3d 621 (1982) ..................................................................... 12

*Shame on You Prods. v. Banks*,
    2016 WL 5929245 (C.D. Cal. Aug. 15, 2016).......................... *passim*

*SOFA Ent. v Dodger Prods.*,
    709 F.3d 1273 (9th Cir. 2013) ...........................................................5

*Sorenson v. Mink*,
    239 F.3d 1140 (9th Cir. 2001) ........................................................ 10

*Title Tracy Anderson Mind & Body v. Roup*,
    2023 WL 6890744 (C.D. Cal. Sept. 11, 2023) ................................ 12

*Tresóna Multimedia v. Burbank High Sch. Vocal Music Ass'n*,
    953 F.3d 638 (9th Cir. 2020) ....................................................... 8, 9

*Uckardesler v. Azteca Int'l*,
    2010 WL 11520019 (C.D. Cal. July 6, 2010).....................................8

*Wild v. NBC Universal*,
    2011 WL 12877031 (C.D. Cal. July 18, 2011)................................ 14

**Statutes**

17 U.S.C. § 505 ......................................................... 3, 4, 5, 9

iv

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff filed this copyright infringement lawsuit against numerous companies and individuals based on its mistaken belief that it owned the idea of a plane crash and ensuing survival.  The alleged similarities between Plaintiff's film *Eden* and Defendants' television series *Yellowjackets* consisted of tropes and *scenes-a-faire* flowing from survival stories and real life.  They also consisted of cherry-picked elements, which Plaintiff "amalgamate[d] … from moments scattered across numerous episodes in an attempt to manufacture similarities."  Dkt. 39 at 7 (order dismissing Complaint with prejudice).  And many of the alleged similarities were false on the face of the works, like the allegations that both works involve cannibalism and suicide.

Before moving to dismiss, Defendants explained these shortcomings to Plaintiff and warned that they would seek their reasonable fees if forced to litigate Plaintiff's claim.  Richert Decl. ¶ 2.  Now that the Complaint has been dismissed with prejudice, Defendants respectfully ask the Court to award their reasonable attorneys' fees.  All of the factors courts routinely consider when determining whether a prevailing copyright litigant should recover fees support an award in this case:

*First*, Defendants achieved a complete victory; they prevailed fully on their motion to dismiss Plaintiff's claim with prejudice.  *See* Section III.A.

*Second*, Plaintiff's claim was objectively unreasonable.  As this Court recognized, a simple review of the works makes clear that they are not substantially, or even remotely, similar in their protected elements.  *See* Section III.B.

*Third*, certain of Plaintiff's litigation decisions demonstrate improper motivation.  Plaintiff grossly mischaracterized the two works in an attempt to manufacture similarities obviously not present.  Plaintiff was put on notice of these fatal flaws but only doubled down on its mischaracterizations.  Rather than engage

with Defendants' detailed analysis, Plaintiff ignored the claim's clear pitfalls. Instead, it simply, and wrongly, asserted that inquiries into substantial similarity are inappropriate at the motion to dismiss stage, and should instead be reserved for summary judgement. *See* Dkt. 33 ¶ 45; *see also* Dkt. 39 at 4. *See* Section III.C.

*Fourth*, a fee award would deter other potential plaintiffs from attempting to claim ownership over unprotectable elements common to a popular genre. These unreasonable claims stifle creativity and censor new works by authors who do not have the ability or desire to defend against them. This is particularly important for unprotectable ideas and concepts—like a plane crash and survival—which have been explored in numerous works and may be explored in numerous more without obtaining anyone's permission. *See* Section III.D.

*Finally*, the amount of Defendants' requested fees is reasonable given defense counsel's background and experience, the market rates for similarly experienced attorneys, and the circumstances of this case. *See* Section IV.

Defendants accordingly ask this Court to award them their fees requested in the amount of $129,305.00, as well as any additional fees incurred in connection with this motion in an amount to be provided with Defendants' reply.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed its Complaint on November 14, 2024, in which it pleaded a single claim of direct copyright infringement, alleging that Defendants' television series *Yellowjackets* infringed the copyright to Plaintiff's film *Eden*. Dkt. 1. Defense counsel met and conferred with Plaintiff's counsel to explain in detail that there was almost no overlap of protectable expression between the two works, let alone substantial similarity, and then moved to dismiss the Complaint on January 24, 2025. *See* Richert Decl. ¶ 2; *see also* Dkt. 27.

Plaintiff's opposition failed to meaningfully grapple with any of the cases Defendants cited. *See* Dkt. 33 at 3. Instead, Plaintiff incorrectly argued that the Court should not conduct an infringement analysis at the pleading stage. *See* Dkt.

33 ¶ 45.  Nor did Plaintiff address much of Defendants' fifteen-page analysis refuting the similarities alleged in the Complaint.  As to the few points Plaintiff did address, its arguments mischaracterized the works.  Ultimately, on April 25, 2025, the Court granted Defendants' motion to dismiss.  Dkt. 39.

In dismissing the case with prejudice, the Court called out that "Plaintiff mischaracterize[d] certain events in both works" in an apparent attempt to manufacture similarities between the works' plots.  *Id.* at 11.  The Court rejected Plaintiff's false allegation that *Eden* "alludes to cannibalism," as well as the proffered mischaracterizations that Coach Ben's "revulsion" at the girls' barbaric cannibalism in *Yellowjackets* is similar to the trainer's early suicide in *Eden*, among others.  *Id.* at 11-12.  Beyond these and other mischaracterizations, the Court found "most of the remaining similarities" were nothing more than "common *scenes-a-faire*."  *Id.* at 11-14.

In fact, the Court found that *every* category it considered under the Ninth Circuit's extrinsic test for substantial similarity weighed in Defendants' favor.  *Id.* at 11-18.  Accordingly, the Court not only ruled that "Plaintiff … failed to adequately allege that the works at issue here are substantially similar," but went further to find that "the deficiencies in Plaintiff's copyright claim … stem from the fundamental characteristics of the works themselves."  *Id.* at 18.  "Any amendment would, therefore, be futile."  *Id.*

## III.    DEFENDANTS ARE ENTITLED TO RECOVER THEIR FEES UNDER THE COPYRIGHT ACT

Plaintiff should reimburse Defendants for their reasonable attorneys' fees incurred in defending against this meritless action.  The Copyright Act grants courts broad discretion to award "full costs," including a "reasonable attorney's fee," to prevailing parties in copyright infringement actions.  17 U.S.C. § 505.  Notably, Section 505 requires treating prevailing defendants and prevailing plaintiffs alike.  *Fogerty v. Fantasy*, 510 U.S. 517, 534 & n.19 (1994) ("*Fogerty I*").  *See also Inhale*

*v. Starbuzz Tobacco*, 755 F.3d 1038, 1043 (9th Cir. 2014) ("A successful defense furthers the purposes of the Copyright Act just as much as a successful infringement suit does.")

In assessing whether to award a prevailing defendant's attorneys' fees, courts generally consider several non-exclusive factors, including "the degree of success obtained on the claim; frivolousness; motivation; objective reasonableness of factual and legal arguments; and need for compensation and deterrence." *Maljack Prods. v. GoodTimes Home Video*, 81 F.3d 881, 889 (9th Cir. 1996). The U.S. Supreme Court reaffirmed these factors and held that courts must give substantial weight to the "objective reasonableness of the losing party's position." *Kirtsaeng v. John Wiley & Sons*, 579 U.S. 197, 199 (2016). All these factors support awarding Defendants their attorneys' fees in this case.

## A.   Defendants Achieved Complete Success in This Litigation

In assessing whether to award fees, courts weigh "the party's degree of success in a lawsuit." *DuckHole v. NBCUniversal Media*, 2013 WL 5797204, at *2 (C.D. Cal. Oct. 25, 2013) (awarding defendants' attorneys' fees after dismissing case for lack of substantial similarity). "This factor weighs more in favor of a party who prevailed on the merits, rather than on a technical defense." *Id.* Here, Defendants defeated Plaintiff's Complaint in its entirety and on the merits. And the works' lack of substantial similarity was so fundamental that this Court dismissed Plaintiff's initial Complaint with prejudice. Dkt. 39 at 18 (citing *Rentmeester v. Nike*, 883 F.3d 1111, 1125 (9th Cir. 2018)). It is undeniable that Defendants were entirely successful in their motion to dismiss Plaintiff's Complaint, and this factor weighs heavily in favor of awarding Defendants' fees.

## B.   Plaintiff's Claim Was Objectively Unreasonable

In assessing fee awards under Section 505, courts also consider whether a plaintiff's claims were "objectively unreasonable." *Shame on You Prods. v. Banks*, 2016 WL 5929245, at *6 (C.D. Cal. Aug. 15, 2016), *aff'd*, 893 F.3d 661 (9th Cir.

4

2018).  "[A] claim is objectively unreasonable where the party advancing it 'should

have known from the outset that its chances of success in this case were slim to

none.'"  *Perfect 10 v. Giganews*, 2015 WL 1746484, at *11 (C.D. Cal. Mar. 24,

2015) (quoting *SOFA Ent. v Dodger Prods.*, 709 F.3d 1273, 1280 (9th Cir. 2013)).

This factor must be given "substantial weight."  *Kirtsaeng*, 579 U.S. at 199.  And

while courts also may assess whether the claims were "frivolous," such a finding "is

no longer required" to award fees under Section 505.  *Fantasy v. Fogerty*, 94 F.3d

553, 560 (9th Cir. 1996) ("*Fogerty II*").

Courts often hold that claims are objectively unreasonable and award fees

where they find no substantial similarity as a matter of law.  For example, in

*Marcus v. ABC Signature Studios*, 2017 WL 5592470 (C.D. Cal. Nov. 20, 2017),

the Central District dismissed a copyright action over a screenplay and a television

series and awarded attorneys' fees.  *Id.* at *3-5.  Like here, the court emphasized

that "copyright law does not protect 'stock scenes, general plot ideas, and *scenes-a-*

*faire*.'"  *Id.* at *3.  And "[a]fter reviewing the two works," the court concluded that

the complaint "alleges nary a similarity that is protectable under copyright law."  *Id.*

*Id.*  "[T]he lack of substantial similarity was obvious," and thus plaintiff's suit "was

objectively unreasonable."  *Id.* (citing *Randolph v. Dimension Films*, 634 F. Supp.

2d 779, 794 (S.D. Tex. 2009) (finding objective unreasonableness where "the lack

of similarity between the unsuccessful plaintiff's work and the allegedly infringing

work are obvious")).  *See also Shame on You Prods.*, 2016 WL 5929245, at *8

(awarding fees "due to the lack of any meaningful or legally cognizable similarity"

between the works); *DuckHole*, 2013 WL 5797204, at *2 (awarding fees after court

dismissed copyright claim for lack of substantial similarity); *Mallery v. NBC*

*Universal*, 2008 WL 719218, at *1 (S.D.N.Y. Mar. 18, 2008) (holding copyright

infringement claim objectively unreasonable where "nearly every instance of

alleged similarity between [defendant's work] and the plaintiffs' work relates to

unprotectable ideas rather than protectable expression"), *aff'd*, 331 F. App'x 821 (2d Cir. 2009).

Like in *Marcus*, Plaintiff's copyright claim was objectively and obviously unreasonable. Simply reviewing the two works readily reveals that *Yellowjackets* did not copy protectable elements of *Eden*. And "[t]here can be no serious dispute" that the vast majority of any elements they do share are based on common tropes and real-life facts that Plaintiff cannot own. Dkt. 39 at 13-14. The Court found a single alleged similarity to be "sufficiently original to be protectable," but even so, "insufficient to sustain an infringement claim." *Id.* The Court notably found a lack of similarity in every category that it assessed, including plot, mood and theme, characters, and setting and pace. Dkt. 39 at 11-18. Indeed, "the deficiencies in Plaintiff's copyright claim … stem[med] from the fundamental characteristics of the works themselves," such that the Court dismissed the Complaint with prejudice. *Id.* at 18. Plaintiff's copyright claim was thus unreasonable, both legally and factually, and the factor weighs heavily in favor of granting Defendants' fee request.

## C.      Plaintiff Lacked a Proper Motive for Certain Litigation Decisions

Courts also may consider a plaintiff's "motivation" in pursuing a lawsuit. *Fogerty II*, 94 F.3d at 558. Improper motivation can be inferred from evidence that a party engaged in "overly aggressive litigation tactics" or pursued the lawsuit regardless of the merits of the claims. *See Bridgeport Music v. WB Music*, 520 F.3d 588, 593 (6th Cir. 2008) (approving fee award against plaintiff based in part on plaintiff's aggressive tactics and pursuit of futile claims). "[A] plaintiff's culpability is no longer required" for a prevailing defendant to recover fees, *Fogerty II*, 94 F.3d at 558, but even so, Plaintiff's litigation tactics in this case support a finding of improper motivation.

Most fundamentally, Plaintiff claimed to own unprotectable ideas, *scenes-a-faire*, and tropes common to the survival genre, alongside real-life facts from a sports team's notorious plane crash in the Andes. And it tried to wield those

unprotectable elements to score a windfall from a multi-season hit television series. *See Shame on You Prods.*, 2016 WL 5929245, at \*9 (a finding of bad faith may be based on conduct that "suggests an intent to force Defendants to expend significant resources on litigation in order to coerce a settlement").  Defendants' counsel explained the case's pitfalls to Plaintiff's counsel prior to their motion to dismiss (*see* Richert Decl. ¶ 2), but Plaintiff declined to forgo the action or even provide any meaningful response to the arguments.  *See Scott v. Meyer*, 2010 WL 2569286, at \*3 (C.D. Cal. June 21, 2010) (awarding fees where "Defendants were forced to defend against Plaintiff's claims even after pointing out the fatal flaws from which her lawsuit suffered").[1]

Plaintiff's decision to pursue this case regardless of the substantive merit is improper by itself.  But Plaintiff also mischaracterized and even invented alleged similarities, including that "[c]annibalism arises in both stories as a last resort to survive," which Plaintiff then doubled down on in its briefing.  *See* Dkt. 1 ¶ 33(m); Dkt. 39 at 11-12.  *See also* Dkt. 39 at 11-13 (cataloging and rejecting Plaintiff's mischaracterizations about the works).  Plaintiff's conduct, especially its obvious mischaracterizations, further justifies granting Defendants' fee request.

## D.    A Fee Award Is Appropriate to Advance the Copyright Act's Goals of Compensation and Deterring Meritless Litigation

Finally, awarding fees to a prevailing copyright defendant is proper where it serves "to advance considerations of compensation and deterrence." *Fogerty I*, 510 U.S. at 534 n.19.  "Compensation and deterrence would support an award of attorneys' fees … in order to 'deter this plaintiff, and other similarly situated

---

[1] Defendants warned Plaintiff they would seek their attorneys' fees if forced to litigate the action.  Richert Decl. ¶ 2. *See DuckHole*, 2013 WL 5797204 at \* 4 ("While motive may not be clear, it is apparent that Plaintiff should have understood the potential consequences of pursuing a meritless claim for copyright infringement.").

plaintiffs, from bringing unreasonable claims based on a cost-benefit analysis that tells such plaintiffs that they can score big if they win and there will be no adverse consequences if they lose.'" *Lawrence v. Sony Pictures Ent.*, 2011 WL 13217267, at *2 (C.D. Cal. Oct. 5, 2011) (quoting *Baker v. Urban Outfitters*, 431 F. Supp. 2d 351, 359 (S.D.N.Y. 2006)), *aff'd*, 534 F. App'x 651 (9th Cir. 2013).

In *Shame on You Prods.*, for example, the court awarded defendants $315,669.75 in attorneys' fees after granting the defendants' motion for judgment on the pleadings. The court held that the works were not substantially similar and found that a fee award would "reward artists and others who defend against meritless claims, and will encourage artists to continue producing original works without fear of having to defend against baseless claims." 2016 WL 5929245, at *11. And in *Tresóna Multimedia v. Burbank High Sch. Vocal Music Ass'n*, the Ninth Circuit *reversed* the district court's denial of attorneys' fees to the successful defendants in a copyright action. The *Tresóna* court held that "[a]warding Defendants their attorneys' fees [e]nsures that they are properly compensated for defending against overreaching claims of copyright infringement." 953 F.3d 638, 654 (9th Cir. 2020). *See also Uckardesler v. Azteca Int'l*, 2010 WL 11520019, *1 (C.D. Cal. July 6, 2010) (awarding successful copyright defendants their attorneys' fees because "an award of attorney's fees in this case will help to deter others, such as Plaintiffs, from bringing frivolous or objectively unreasonable lawsuits in which they claim they are entitled to copyright protection for elements that the evidence … demonstrates are unprotectable").

Deterrence is important in a case like this, where Plaintiff sued the creators of a critically acclaimed television series that shared only a high-level unprotectable premise and commonplace tropes with Plaintiff's lesser-known film, despite the extensive differences between the two works. *See* Dkt. 33 ¶¶ 20-21 n.4, n.5; *cf. Nat'l Bus. Dev. Servs. v. Am. Credit Educ. & Consulting*, 299 F. App'x 509, 512 (6th Cir. 2008) (acknowledging that "[c]opyright infringement … lends itself

readily to abusive litigation, since the high cost of trying such a case can force a defendant who might otherwise be successful in trial to settle in order to avoid the time and expenditure of a resource intensive case"). Plaintiffs that demand expensive, burdensome discovery but fail to even engage with defendants' meticulous extrinsic comparison should be deterred. *See* Dkt. 33 ¶¶ 12, 45-47.

Deterrence here is not just about money. Actions like this stifle creativity and create a chilling effect, as entities that produce and distribute a work exercise more caution about new projects sharing unprotectable elements or themes with prior works. This means more roadblocks for creators—whether budding or well established—and fewer works with new perspectives on unprotectable elements. A fee award is appropriate to deter Plaintiff and other prospective claimants from pursuing baseless claims, which impose unwarranted and unjustifiable costs on authors, publishers, and other creators. *See Tresóna*, 953 F.3d at 654 ("An award of attorneys' fees here assures that 'an overzealous monopolist [cannot] use his copyright to stamp out the very creativity that the [Copyright] Act seeks to ignite.'") (alteration in original) (citation omitted).

In sum, all of the factors relevant to a fees request under 17 U.S.C. § 505 weigh in favor of an award.

## IV.   DEFENDANTS' REQUESTED FEES ARE REASONABLE

In determining a reasonable fee award under Section 505, the Court "must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l*, 6 F.3d 614, 622 (9th Cir. 1993). "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Id.* Applying these criteria, Defendants' requested fees are entirely reasonable.

## A.    Defendants' Counsel's Billing Rates Are Reasonable

A reasonable hourly rate is one that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11). The "best evidence" of an attorney's reasonable hourly rate is the "rate customarily charged" by that attorney. *Elser v. I.A.M. Nat'l Pension Fund*, 579 F. Supp. 1375, 1379 (C.D. Cal. 1984) (quoting *Nat'l Ass'n of Concerned Veterans v. Sec. of Def.*, 675 F.2d 1319, 1325 (D.C. Cir. 1982)). Indeed, defense counsel's requested rates are presumed reasonable because they are the rates actually paid in this case. *See Carson v. Billings Police Dep't*, 470 F.3d 889, 892 (9th Cir. 2006) ("That a lawyer charges a particular hourly rate, and gets it, is evidence bearing on what the market rate is, because the lawyer and his clients are part of the market."). Thus, "[u]nless counsel is working outside his or her normal area of practice, the billing-rate multiplier is, for practical reasons, usually counsel's normal billing rate." *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 840 (9th Cir. 1982). Based on their skill, experience, and reputation, the discounted hourly rates charged for Defendants' attorneys are highly reasonable:

- **Nicolas Jampol** is a Media & Entertainment partner in the Los Angeles office of Davis Wright Tremaine LLP ("DWT"), which is a nationally recognized firm for intellectual property litigation. *See McGillvary v. Netflix*, 2024 WL 4812536, at *3 (C.D. Cal. Oct. 9, 2024) ("DWT is also a nationally recognized firm in the areas of media and First Amendment litigation."); *City of Inglewood v. Teixeira*, 2015 WL 6146269, at *5 (C.D. Cal. Oct. 8, 2015) ("Davis Wright Tremaine LLP ('DWT') is a nationally recognized firm in the areas of First Amendment and intellectual property litigation."); *Mireskandari v. Daily Mail & Gen. Tr. PLC*, 2014 WL 12586434, at *12 (C.D. Cal. Nov. 7, 2014) ("DWT's Los Angeles office has become increasingly well-known for its work in media and

10

entertainment law; the firm is nationally recognized for its … intellectual property litigation practice."); *Lawrence*, 2011 WL 13217267, at *4 (recognizing DWT "is reputable and active in litigating copyright cases in this district").  Mr. Jampol graduated *cum laude* from the University of Michigan Law School in 2006 and litigates primarily content-related claims, with a particular emphasis on copyright claims.  Freeman Decl. ¶ 5.  This year, *The Hollywood Reporter* named Mr. Jampol to its Power Lawyers list, and *Variety* recognized him in its Legal Impact list.  *Id.* DWT charged significantly discounted rates of $650 per hour for 2025 and $600 per hour for 2024 for Mr. Jampol's time on this case.  *Id.* ¶ 3.

- **Cydney Swofford Freeman** is a Media & Entertainment partner in the Los Angeles office of DWT.  She graduated from New York University School of Law in 2015 and routinely litigates and counsels clients on copyright, trademark, First Amendment, and other media matters.  *Id.* ¶ 6.  In 2023, Ms. Freeman was named a "Rising Star" by Law360 for Media & Entertainment Law; she was selected as a Lawyers on the Fast Track (Under 40) Honoree in ALM's 2025 California Legal Awards; and she was named "One to Watch" by Best Lawyers in Entertainment & Sports and Intellectual Property Law for 2024-2025.  *Id.* DWT charged significantly discounted rates of $650 per hour for 2025 and $535 per hour for 2024 for Ms. Freeman's time on this case.[2]  *Id.* ¶ 3.

- **Joel Richert** is a Media & Entertainment senior associate in the Los Angeles office of DWT.  He graduated from the University of Michigan Law School in 2018.  *Id.* ¶ 7.  Since joining DWT in 2020, Mr. Richert has focused on media litigation and has worked alongside Mr. Jampol and Ms. Freeman on a variety of litigation and counseling matters involving copyright, trademark, and other intellectual property.  *Id.* DWT charged significantly discounted rates of $490

---

[2] Ms. Freeman was elevated from counsel to partner in 2025.

per hour for 2025 and $460 per hour for 2024 for Mr. Richert's time on this case. *Id.* ¶ 3.

Given the skills and reputations of Defendants' lawyers, their rates in this matter are entirely reasonable. Courts regularly find similar rates to be reasonable in other copyright and content-based lawsuits in Southern California. For example, last year, the court in *McGillvary* found the following DWT rates reasonable: $833 for a partner; $693 for counsel; and $616 for a senior associate. 2024 WL 4812536, at *3 (C.D. Cal. Oct. 9, 2024). *See also Title Tracy Anderson Mind & Body v. Roup*, 2023 WL 6890744, at *2-3 (C.D. Cal. Sept. 11, 2023) (finding $1,065 for a partner, $1,000 for a counsel, and $760 and $655 for mid-level associates to be reasonable); *Pasadena Tournament of Roses Ass'n v. City of Pasadena*, 2022 WL 2189523, at *6-7 (C.D. Cal. Mar. 17, 2022) (finding rates of between $735 and $795 for partners, and $585 and $550 for associates, reasonable). Based on the above authorities, and as shown by the declaration for Ms. Freeman, DWT's rates for this matter are reasonable. *See* Freeman Decl. ¶¶ 3-4

## B.    The Hours Expended by Defendants' Counsel Are Reasonable

A fee award "should ordinarily include compensation for all hours reasonably spent, including those relating solely to the fee." *Serrano v. Unruh*, 32 Cal. 3d 621, 624 (1982).[3] Defendants' request is reasonable for several reasons.

*First*, the five Defendants served in this action chose to consolidate their defense by engaging one law firm to represent them all. This choice drastically reduced the overall amount of fees Defendants incurred in defending against Plaintiff's claim and supports that the fees they did incur were reasonable.

---

[3] *See also Marcus*, 2017 WL 5592470, at *6 (prevailing copyright defendants are entitled to fees incurred in preparing motion to recover attorneys' fees); *Fantasy v. Fogerty*, 1995 WL 261504, at *7 (N.D. Cal. May 2, 1995) ("[T]he court finds Fogerty is entitled to fees incurred in connection with his application for fees during remand."), *aff'd*, 94 F.3d 553 (9th Cir. 1996).

DEFENDANTS' MOTION FOR ATTORNEYS' FEES

*Second*, Defendants do not seek reimbursement for all their time spent defeating Plaintiff's claim. They do not seek reimbursement for the time incurred by paralegals who have assisted with the matter, nor for the significant time spent on this matter by in-house counsel at Lions Gate or Paramount, notwithstanding that those fees are recoverable. Freeman Decl. ¶¶ 8, 13; *see PCLM Grp. v. Drexler*, 22 Cal. 4th 1084, 1094 (2000) (affirming fee award for work performed by in-house counsel, finding "no basis for discriminating" between in-house counsel and outside attorneys on a particular matter).

*Third*, Defendants' motion was entirely successful and resulted in an early dismissal of Plaintiff's initial Complaint with prejudice. The U.S. Supreme Court has explained that where a prevailing party "has obtained excellent results, [their] attorney should recover a fully compensatory fee. Normally, this will encompass all hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). This is particularly significant here because Plaintiff sought not only damages but also wide-ranging injunctive relief—including forcing the "recall" of Defendants' television series—as well as its own attorneys' fees. Dkt. 1 ¶¶ 41-42; *see also id.*, Prayer for Relief ¶¶ 3-5.

*Fourth*, Defendants' attorneys managed this case efficiently, and the hours were reasonable given the work needed. Defendants' motion required a methodical dissection of the works at issue to argue that *Eden* and *Yellowjackets* were not substantially similar with respect to plot, characters, themes, or the other extrinsic test elements. This required careful review and analysis by Defendants' counsel of both *Eden* and *Yellowjackets*. And counsel litigated efficiently: the majority of the work was handled by Mr. Richert and Ms. Freeman, rather than senior partner Mr. Jampol, as Mr. Richert took the lead in drafting the motion to dismiss, its reply, and this motion, and Ms. Freeman argued the motion to dismiss. *See* Freeman Decl. ¶¶ 5-7. While the case required in-depth analysis across many hours of television and film, Defendants handled the case efficiently.

DEFENDANTS' MOTION FOR ATTORNEYS' FEES

*Fifth*, as noted above, the amount requested is well within the range of fees awarded to prevailing defendants in other comparable copyright actions. For example, *ten years ago*, the *Teixeira* court awarded $117,741 in attorneys' fees to the defendants after they—like Defendants here—succeeded in obtaining a dismissal with prejudice of the plaintiff's copyright claim on a Rule 12(b)(6) motion. 2015 WL 6146269, at *6-7. *See also Shame on You*, 2016 WL 5929245, at *19 (awarding $315,669.75 in attorneys' fees for defendants' successful motion for judgment on the pleadings); *Marcus*, 2017 WL 5592470, at *7 (awarding $102,226.36 in attorneys' fees and costs for defendants' successful motion to dismiss copyright action); *Wild v. NBC Universal*, 2011 WL 12877031, at *4 (C.D. Cal. July 18, 2011) (awarding $113,041.85 in attorneys' fees and costs for defendants' successful motion to dismiss copyright action); *Good Job Games Bilism Yazilim ve Pazarlama v. SayGames*, 2023 WL 3260528, at *11 (N.D. Cal. May 4, 2023) (awarding $112,239.86 in attorneys' fees and costs for defendant's successful motion to dismiss copyright infringement claim).

## V.    CONCLUSION

As set out in the Court's ruling, even a cursory review of *Eden* and *Yellowjackets* reveals that the works are not substantially similar. Under these circumstances, Defendants are entitled to recover from Plaintiff the fees they reasonably incurred in their successful defense. They respectfully ask the Court to grant this motion and award them $129,305.00 in attorneys' fees, plus any additional fees associated with further work on this motion, to be based on evidence included with the reply.

DATED: May 9, 2025

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
JOEL RICHERT

By:   /s/ Cydney Swofford Freeman
          Cydney Swofford Freeman

Attorneys for Defendants
LIONS GATE ENTERTAINMENT, INC., SHOWTIME NETWORKS INC., BEER CHRISTMAS, LTD., ASHLEY LYLE, and BART NICKERSON

15