NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
JOEL RICHERT (State Bar No. 327116)
  joelrichert@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
LIONS GATE ENTERTAINMENT, INC.,
SHOWTIME NETWORKS INC., BEER
CHRISTMAS, LTD., ASHLEY LYLE,
and BART NICKERSON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDEN FILM PRODUCTION LLC, a Delaware corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>LOCKJAW LLC, a California corporation; ASHLEY LYLE, an individual; BART NICKERSON, an individual; BEER CHRISTMAS, LTD., a California corporation; SHOWTIME NETWORKS INC., a California corporate; LIONS GATE ENTERTAINMENT, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 2:24-cv-09851-DDP-SK<br><br>**DECLARATION OF CYDNEY SWOFFORD FREEMAN IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES** |

DECLARATION OF CYDNEY SWOFFORD FREEMAN

# DECLARATION OF CYDNEY SWOFFORD FREEMAN

I, Cydney Swofford Freeman, declare as follows:

1. I am an attorney admitted to practice before all courts of the State of California and before this Court. I am a partner in the law firm of Davis Wright Tremaine LLP ("DWT"), and I am one of the attorneys representing defendants Lions Gate Entertainment, Inc. ("Lions Gate"), Showtime Networks Inc. ("Showtime"), Beer Christmas, Ltd., Ashley Lyle, and Bart Nickerson (collectively "Defendants") in this matter. The facts stated below are based on my own personal knowledge, and on my review of DWT's regularly maintained billing records.

2. On April 30, 2025, I reached out to Plaintiff's counsel requesting to meet and confer regarding the motion for attorneys' fees. Receiving no response, I sent a follow-up email the next day. On May 2, 2025, I sent a third email extensively laying out the grounds and legal authority for the motion and again requesting to meet and confer in case the parties could resolve the issues in dispute without the need for motion practice. I also left voicemails with Plaintiff's three attorneys: Charles Stam, Anya Fuchs, and Alex Kykta. Mr. Stam responded by email and asked to speak the following week. Counsel for the parties met and conferred by phone on May 7, 2025, the earliest date offered by Plaintiff's counsel. The parties were unable to reach resolution.

3. The motion to dismiss plaintiff Eden Film Production LLC's ("Plaintiff") claim was handled primarily by DWT partner Nicolas A. Jampol as lead counsel; associate Joel Richert; and myself. The following chart reflects the as-charged, highly discounted rates for 2024 and 2025 for this matter.

//
//
//
//
//

| Name | Title | 2024 Discounted Rate | 2025 Discounted Rate |
|---|---|---|---|
| Nicolas A. Jampol | Partner | $600 | $650 |
| Cydney Swofford Freeman | Counsel (2024) Partner (2025) | $535 | $650 |
| Joel Richert | Associate | $460 | $490 |

4. DWT's rates in this action are highly reasonable. I am informed by DWT's Director of Client Services and Pricing, Brian Fanning, that each of these hourly billing rates is at or below the median hourly billing rate for attorneys of the same class year, across peer firms in the Los Angeles area.

5. Mr. Jampol is a media & entertainment partner in the Los Angeles office of DWT. Mr. Jampol was recognized by *Variety* in its Legal Impact list as one of Hollywood's top entertainment lawyers, and in 2025, *The Hollywood Reporter* named him to its Power Lawyers list. He graduated *cum laude* from the University of Michigan Law School in 2006, and litigates primarily content-related claims, with a particular emphasis on copyright claims. Mr. Jampol is a member of DWT's executive committee. Mr. Jampol served as DWT's lead counsel on the matter, assessing the case and formulating Defendants' litigation strategy, communicating with the client representatives, reviewing Plaintiffs' pleadings and briefing, and substantively revising the motion to dismiss and related documents.

6. I am a media & entertainment partner in the Los Angeles office of DWT. I graduated from the New York University School of Law in 2015 and routinely litigate and counsel clients on copyright, trademark, First Amendment, and other media matters. I was named a "Rising Star" by Law360 for Media & Entertainment Law in 2023. This year, I was selected as a Lawyers on the Fast Track (Under 40) Honoree in ALM's 2025 California Legal Awards, and also was named as "One to Watch" by Best Lawyers in Entertainment & Sports and

Intellectual Property Law for 2024-2025.  I handled day-to-day case management for this matter, including communicating with client representatives, reviewing Plaintiffs' pleadings, briefing, and the works at issue in this case, substantively revising the motion to dismiss and related documents, and arguing the motion.

7. Joel Richert is a media & entertainment senior associate in the Los Angeles office of DWT.  He graduated from the University of Michigan Law School in 2018.  Since joining DWT in 2020, he has focused on media litigation and has worked alongside Mr. Jampol and me on a variety of litigation and counseling matters involving copyright, trademark, and other intellectual property.  Prior to joining DWT, he was an associate in the Los Angeles office of Sidley Austin LLP.  Mr. Richert reviewed Plaintiffs' pleadings, briefing, and the works at issue in this case, conducted legal research, led the meet-and-confer with Plaintiff's counsel, and substantively drafted the motion to dismiss and related documents.

8. Defendants are not seeking to recover any fees incurred by paralegals or staff in connection with their work in this case by this motion.

9. DWT issues monthly invoices memorializing its legal fees and costs.  I have personally reviewed DWT's billing records in this matter.  Each of the invoices sets forth entries with descriptions of legal services rendered and by whom they were rendered, and the time spent on those services.  Each entry on the invoices was prepared in the normal course of DWT's business, including by commercial timekeeping software.

10. Attached as **Exhibit 1** is a true and correct copy of the daily time entries from each DWT timekeeper, with descriptions of the work performed by each professional on each day.  These entries have been redacted to remove entries for which Defendants do not seek to recover fees and to protect privileged information.

11. The table below summarizes the time spent and amount of fees requested, which is only a portion of the overall fees Defendants incurred.

3
DECLARATION OF CYDNEY SWOFFORD FREEMAN

| Name | Title | Discounted Rate | Hours | Total |
|---|---|---|---|---|
| Nicolas A. Jampol | Partner (2024) | $600 | - | - |
|  | Partner (2025) | $650 | 11.90 | $7,735.00 |
| Cydney Swofford Freeman | Counsel (2024) | $535 | 6.00 | $3,210.00 |
|  | Partner (2025) | $650 | 81.20 | $52,780.00 |
| Joel Richert | Associate (2024) | $460 | 43.50 | $20,010.00 |
|  | Associate (2025) | $490 | 93.00 | $45,570.00 |

12. As reflected in Exhibit 1 and the chart at Paragraph 11, Defendants have incurred $129,305.00 in fees for which they seek reimbursement. With its reply briefing, Defendants will supplement this evidence with additional time incurred at that point.

13. Defendants do not seek reimbursement for the time spent on this matter by Lions Gate's current in-house counsel Randall Jackson and Anthony Gambol, or former in-house counsel Doug Fretty. Nor do Defendants seek reimbursement for the significant time spent on this matter by Paramount's in-house counsel Michelle van Oppen.

14. DWT's attorneys' fees incurred in this action were reasonable and necessary for Defendants' defense against Plaintiff's copyright claim.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct, and that this Declaration was executed on the 9th day of May, 2025, in Los Angeles, California.

                                                /s/ Cydney Swofford Freeman  
                                                Cydney Swofford Freeman

DECLARATION OF CYDNEY SWOFFORD FREEMAN