# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDEN FILM PRODUCTION LLC, a Delaware corporation,<br><br>               Plaintiff,<br><br>vs.<br><br>LOCKJAW LLC, a California corporation; ASHLEY LYLE, an individual; BART NICKERSON, an individual; BEER CHRISTMAS, LTD., a California corporation; SHOWTIME NETWORKS INC., a California corporate; LIONS GATE ENTERTAINMENT, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>               Defendants. | Case No. 2:24-cv-09851-DDP-SK<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEYS' FEES** |

# ORDER

The Motion of defendants Lions Gate Entertainment, Inc., Showtime Networks Inc., Beer Christmas, Ltd., Ashley Lyle, and Bart Nickerson (collectively, "Defendants") for an award of attorneys' fees came before this Court, the Honorable Dean D. Pregerson, United States District Judge presiding, on June 9, 2025. Having considered Defendants' Motion, the Opposition of plaintiff Eden Film Production LLC ("Plaintiff"), Defendants' Reply papers, and the evidence and arguments presented, the Court finds as follows:

1. This is an action for copyright infringement and the Copyright Act provides that courts may award a reasonable attorney's fee to the prevailing party. 17 U.S.C. § 505. The Supreme Court has directed that in awarding attorney's fees under Section 505, "[p]revailing plaintiffs and prevailing defendants are to be treated alike." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). Defendants are the prevailing parties in this action.

2. Courts consider various factors in making an attorneys' fees determination, including "(1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) [objective] reasonableness of [the] losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence." *Tresóna Multimedia v. Burbank High Sch. Vocal Music Ass'n*, 953 F.3d 638, 653 (9th Cir. 2020). "Substantial weight should be accorded to the fourth factor." *Id.* (quoting *Shame On You Prods. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018)).

3. Applying the foregoing factors to this case weighs in favor of awarding attorneys' fees to Defendants. Defendants completely prevailed in this action. Certain of Plaintiff's litigation tactics and claims were objectively unreasonable. And Defendants' successful defense furthers the Copyright Act's essential goals, including by confirming "the boundaries of copyright law" and successfully preserving public access to Defendants' own creative works. *Fogerty*, 510 U.S. at

[PROPOSED] ORDER

527; *Tresóna*, 953 F.3d at 653 ("defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement" (quoting *Fogerty*, 510 U.S. at 527)). An award of attorneys' fees also advances important considerations of compensation and deterrence. *See Lawrence v. Sony Pictures Ent.*, 2011 WL 13217267, at *2 (C.D. Cal. Oct. 5, 2011), *aff'd*, 534 F. App'x 651 (9th Cir. 2013).

4. The Court accordingly concludes that the relevant factors weigh in favor of awarding Defendants reasonable attorney's fees incurred in successfully defending against Plaintiff's claims.

5. Defendants have established that the hourly rates charged by their counsel in this action are equal to or below the reasonable hourly rates for the comparable attorneys in this area of law, and that their counsel expended a reasonable number of hours in successfully defending Plaintiff's claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Attorneys' Fees is **GRANTED** and Defendants are awarded attorneys' fees in the total amount of $_____.

DATED: _____      _____
                                         Dean D. Pregerson
                                         United States District Judge

[PROPOSED] ORDER